# United States District Court
# District of Massachusetts

JEFFREY PAUL CARLSEN,
    Petitioner,

V.                                            CIVIL ACTION NO. 11-11498-RGS

JAMES V. DiPAOLA,
    Respondent.

## REPORT AND RECOMMENDATION ON RESPONDENT'S MOTION TO DISMISS FOR FAILURE TO EXHAUST STATE COURT REMEDIES (#14)

COLLINGS, U.S.M.J.

    The respondent claims that petitioner has not exhausted the claims set forth in his Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (#1) ("the Petition"). The law requires that before any claim contained in a petition for habeas corpus filed by a person convicted in a state court can be considered by a federal court, that person must present the

claim in the first instance to the highest court of the state in which he or she was convicted. In other words, the person must "exhaust" his state court remedies. This requirement is codified in 28 U.S.C. § 2254(b)(1)(A).

Manifestly, the petitioner has not done so. Petitioner's jury trial which resulted in his conviction was held on June 7, 2011. A Notice of Appeal was filed on June 10, 2011 but at this point, the record has not been assembled. The matter has not yet arrived at the Supreme Judicial Court. Petitioner must present all constitutional claims to the Supreme Judicial Court and the Supreme Judicial Court must act on those claims before a habeas petition can be filed in federal court.

Accordingly, I RECOMMEND that the Respondent's Motion to Dismiss, Etc. (#14) be ALLOWED and that a Final Judgment enter dismissing the petition.

### *Review by the District Judge*

The parties are hereby advised that pursuant to Rule 72, Fed. R. Civ. P., any party who objects to this recommendation must file a specific written objection thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must

specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b), Fed. R. Civ. P., shall preclude further appellate review. *See Keating v. Secretary of Health and Human Services*, 848 F.2d 271 (1 Cir., 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1 Cir., 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1 Cir., 1983); *United States v. Vega*, 678 F.2d 376, 378-379 (1 Cir., 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1 Cir., 1980); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ *Robert B. Collings*
ROBERT B. COLLINGS
United States Magistrate Judge

Date: October 20, 2011.